**UNITED STATES of America, Plaintiff,**

v.

**Lonnie GIBSON and E. Carol Gibson, Defendants.**

**No. Crim.A. 2:99–00092.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Feb. 14, 2000.

---

L. Anna Crawford, Assistant United States Attorney, Charleston, WV, for plaintiff.

Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, WV, Michael R. Cline, Charleston, WV, for defendants.

## MEMORANDUM OPINION AND ORDER

GOODWIN, District Judge.

Pretrial motions filed by the United States presented the following issues: 1) whether the defendants could introduce the hearsay statements made by the late Arnold Browning during his examination under oath; and 2) whether the United States could introduce additional hearsay statements made by Browning to his sister, Rose Hinkle. The United States sought to introduce Browning's statements to his sister either as substantive evidence or to impeach Browning's statements made during his examination under oath. At a pretrial conference held on January 11, 2000, the court ruled that the defendants could introduce Browning's hearsay statements made during his examination under oath and that the United States could introduce Browning's statements to his sister solely for impeachment purposes. The court informed the parties that it would further explain its ruling in a written opinion, which is set forth below.

### I.

The superseding indictment filed against the defendants in this matter arises from a fire that destroyed the defendants' home on May 27, 1996. The defendants attempted to collect on a homeowner's insurance policy issued to them by State Farm General Insurance Company (State Farm). State Farm refused to pay the defendants the policy proceeds, and the· defendants subsequently sued State Farm in the United States District Court for the Southern District of West Virginia, alleging that State Farm acted in bad faith in failing to pay the insurance proceeds. The superseding indictment alleges that the defendants intentionally set fire to their home as part of a scheme to defraud and obtain money from State Farm and charges the defendants with five counts of mail fraud, one count of use of fire to commit a federal felony, and four counts of perjury for lying under oath in the civil case against State Farm.

In his notice of alibi in the criminal action, Mr. Gibson states that he intends to introduce statements that Browning, a friend of his, made in an examination under oath during the pendency of the civil action. During that examination by State

Farm, Browning supported Mr. Gibson's alibi that he was fishing on the Tug River in West Virginia for approximately one week prior to the fire. Browning was killed in an automobile accident prior to the trial in the civil action.

The United States objects to the admission of Browning's statements on the basis that they are hearsay and therefore inadmissible. If the court admits the examination under oath, the United States then requests the court to admit additional hearsay statements made by Browning to his sister, Rose Hinkle. According to the United States, Browning admitted to Hinkle that he and Mr. Gibson set fire to the Gibson home.

## II.

■ Browning's statements made during his examination under oath clearly constitute hearsay. They are out-of-court statements offered by the defendants to prove the truth of the matter asserted. *See Fed.R.Evid.* 801(c). The defendants argue, however, that the statements are admissible under Rule 804(b)(1) of the Federal Rules of Evidence, which provides:

> The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: (1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

*Id.* 804(b)(1). Browning is deceased and therefore unavailable as a witness in the criminal trial. His former testimony was made under oath. The determination of whether Browning's statements in his examination under oath fall within Rule 804(b)(1) therefore rests upon whether "the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." *Id.*

The United States did not have an opportunity to develop Browning's testimony that was taken in preparation for the civil action filed against State Farm. The defendants argue, however, that State Farm conducted Browning's examination under oath and had the same motive as the United States to challenge Browning's reliability. This court agrees. In defense of the civil action filed against it by the defendants, State Farm asserted that the defendants intentionally set fire to their residence and that it was therefore proper to deny them coverage. (Def.Resp. to Gov't Mot. in Limine Ex. 1.) State Farm therefore had a motive to challenge Mr. Gibson's fishing trip alibi, which was supported by Browning. The United States seeks to prove that the defendants intentionally set fire to their home as part of a scheme to defraud State Farm. If the United States had been given the opportunity to examine Browning under oath, its motive to develop Browning's testimony would be very similar to that of State Farm.

According to the Fifth Circuit, "[i]f a party in a civil case and the government in a later criminal case have sufficiently similar incentives to develop the testimony, [there is] no reason to conclude that [Rule 804(b)(1) ] is necessarily and always unavailable to a criminal defendant." *United States v. McDonald,* 837 F.2d 1287, 1292–93 (5th Cir.1988). In fact, prohibiting a criminal defendant from introducing former exculpatory testimony that satisfies the similar motives test implicates due process considerations. *See 2 McCormick on Evidence* § 303, at 293 (5th ed.1999). Although the United States and State Farm had similar motives to develop Browning's testimony, the United States contends that such testimony remains inadmissible because State Farm was not a "predecessor in interest" of the United States. The

Fourth Circuit has held, however, that "privity is not the gravamen of the analysis" under Rule 804(b)(1). *Horne v. Owens–Corning Fiberglas Corp.*, 4 F.3d 276, 283 (4th Cir.1993); *see Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc.*, 71 F.3d 119, 128 (4th Cir.1995) (quoting *Horne* and then noting that privity would present little problem *"even if* privity was a concern in the analysis under Rule 804(b)(1)"* (emphasis added)). Rather, the Fourth Circuit requires the party against whom the sworn testimony is offered to "point up distinctions in her case not evident in the earlier litigation that would preclude similar motives of witness examination." *Supermarket of Marlinton*, 71 F.3d at 128 (quoting *Horne*, 4 F.3d at 283). The United States has failed to offer such distinctions. The court therefore finds that the United States and State Farm had a similar motive to develop Browning's testimony under oath and that Browning's statements are admissible under Rule 804(b)(1) of the Federal Rules of Evidence. Accordingly, the motion in limine of the United States to exclude Browning's statements is **DENIED.**

### III.

#### A.

■ Having found Browning's former testimony to be admissible, the court must address the request of the United States to introduce additional hearsay statements that Browning allegedly made to his sister, Rose Hinkle. After viewing a local television news story about the fire that destroyed the Gibson residence, Browning allegedly told Hinkle that he assisted Mr. Gibson in setting the fire in return for a motorcycle and $1,000, which Browning never received. The United States asserts that these additional hearsay statements are admissible as substantive evidence under the following Federal Rules of Evidence: as a present sense impression under Rule 803(1), as an excited utterance under Rule 803(2), as relating to Browning's state of mind under Rule 803(3), as statements against Browning's penal interest under Rule 804(b)(3), and under the

residual exception found in Rule 807. The court finds that the arguments of the United States concerning the application of Rules 803(1), 803(2), 803(3), and 807 to Browning's statements are without merit. The potential application of Rule 804(b)(3) deserves further consideration.

Rule 804(b)(3) of the Federal Rules of Evidence provides:

> The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: (3) Statement against interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability ... that a reasonable person in the declarant's position would not have made the statement unless believing it to be true.

*Fed.R.Evid.* 804(b)(3). Browning is deceased and therefore unavailable as a witness in these criminal proceedings. Further, his statements admitting his involvement in setting the Gibson residence on fire tended to subject him to criminal liability at the time they were made and would not have been made unless Browning believed them to be true. His statements are therefore against his penal interest and fall under Rule 804(b)(3).

Browning's statements are not, however, automatically admissible as substantive evidence against the defendants. Browning's statements equally inculpate himself and Mr. Gibson and therefore raise the issue of whether their admission would violate Mr. Gibson's Sixth Amendment right "to be confronted with the witnesses against him." *US Const.* amend. VI. In *Lilly v. Virginia*, 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999), the Supreme Court considered whether an accused's Sixth Amendment right is violated by admitting into evidence at his trial a nontestifying accomplice's confession containing statements against the accomplice's penal interest and statements inculpating the accused. *Lilly*, 119 S.Ct. at 1892. In a plurality opinion, the Court expressed con-

cern about denying an accused his right to subject a declarant to cross-examination, the "greatest legal engine ever invented for the discovery of truth." *Id.* at 1894 (quoting *California v. Green,* 399 U.S. 149, 158, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970)). The plurality reiterated its prior holding that the untested admission of a hearsay statement against an accused is only permitted when "(1) 'the evidence falls within a firmly rooted hearsay exception' or (2) it contains 'particularized guarantees of trustworthiness' such that adversarial testing would be expected to add little, if anything, to the statements' reliability." *Id.* (quoting *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)).

Regarding the first factor in the *Roberts* test, the *Lilly* plurality clearly stated that "accomplices' confessions that inculpate a criminal defendant are not within a firmly rooted exception to the hearsay rule as that concept has been defined in our Confrontation Clause jurisprudence." *Id.* at 1899. In support of this holding, the plurality cited several of its prior cases in which it emphasized the principle that "accomplice confessions that inculpate a criminal defendant are not per se admissible (and thus necessarily fall outside a firmly rooted hearsay exception), no matter how much those statements also incriminate the accomplice." [1] *Id.* at 1899 n. 5 (citing *Gray v. Maryland,* 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998); *Cruz v. New York,* 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987); *Lee v. Illinois,* 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986); *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968)). Applying this principle and the Supreme Court's express holding in *Lilly,* the court finds that although Browning's statements fall within Rule 804(b)(3), they equally inculpate Mr. Gibson and are therefore not within a firmly rooted exception to the hearsay rule.

The Confrontation Clause, however, does not place a blanket ban on the introduction by the United States of hearsay statements that inculpate a criminal defendant. *Id.* The United States may still introduce into evidence Browning's statements if they contain " 'particularized guarantees of trustworthiness' such that adversarial testing would be expected to add little, if anything, to the statements' reliability." *Id.* at 1894 (quoting *Ohio,* 448 U.S. at 66, 100 S.Ct. 2531, 65 L.Ed.2d 597). A hearsay statement may contain such guarantees of trustworthiness in an exceptional case in which the statement is incontestably reliable, competent, and probative. *Id.* at 1900. In order to allow the United States to introduce Browning's statements, this court must therefore be confident that Browning's "truthfulness is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility." *Id.* (quoting *Idaho v. Wright,* 497 U.S. 805, 820, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990)).

The court does not believe that Browning's statements that inculpate himself and Mr. Gibson constitute the exceptional case in which the statements are incontestably reliable and their truthfulness so clear from the surrounding circumstances. The Seventh Circuit has recently found statements similar to those Browning made to his sister as possessing sufficient indicia of reliability to warrant their admission. *See United States v. Robbins,* 197 F.3d 829, 839–40 (7th Cir.1999). In *Robbins,* the Seventh Circuit focused on the fact that the declarant's confession did not shift blame to co-criminals, was not made while in the custody of law enforcement authorities, and was voluntarily made to his fiancee and confidante. *Id.* The court there-

---

1. Consistent with this principle, several states, including West Virginia, have provided statutorily that not only do such confessions fall outside a firmly rooted hearsay exception, but they also do not fall within the against-penal-interest hearsay exception in the first place.

*Lilly,* 527 U.S. 116, 119 S.Ct. at 1899 n. 4, 144 L.Ed.2d 117 (citing various state statutes and court decisions, including *In Interest of Anthony Ray Mc.,* 200 W.Va. 312, 489 S.E.2d 289, 298 (1997)).

fore concluded that the declarant had no ulterior motive or other reason not to tell the truth. *Id.* Although Browning's statements were made to his sister rather than to law enforcement officers and do not appear to shift blame to Mr. Gibson, this court does not find that such factors are sufficient to demonstrate that Browning's statements are incontestably probative, competent, and reliable. This court therefore disagrees with the view held by the Seventh Circuit and by commentators that *Lilly* does not apply to non-custodial confessions or to confessions that do not spread blame to co-criminals. *See, e.g., id.;* Leading Cases, 113 *Harv.L.Rev.* 233, 241 (1999). Further, this court believes that, in this instance, cross-examination could be of much more than marginal utility. The court therefore finds that permitting the United States to offer Browning's statements to his sister in its case-in-chief would violate Mr. Gibson's Sixth Amendment right to "be confronted with the witnesses against him." *US Const.* amend. VI. The court **DENIES** the request of the United States to introduce Browning's statements to his sister as substantive evidence.

### B.

■ In the alternative, the United States seeks to introduce Browning's statements to his sister to impeach the statements Browning made during his examination under oath. Rule 806 of the Federal Rules of Evidence permits impeachment of a hearsay statement and provides:

> When a hearsay statement ... has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness. Evidence of a statement or conduct by the declarant at any time, inconsistent with the declarant's hearsay statement, is not subject to any requirement that the declarant may have been afforded an opportunity to deny or explain.

*Fed.R.Evid.* 806. If Browning were still alive and able to testify consistent with his examination under oath, Rule 613(b) of the Federal Rules of Evidence would permit the United States to impeach him through extrinsic evidence of a prior inconsistent statement. Browning's statements to his sister disclose that he and Mr. Gibson set fire to the Gibson residence. The statements are therefore inconsistent with Browning's testimony in his examination under oath in which he supported Mr. Gibson's fishing trip alibi. Rule 806 therefore permits the United States to use Browning's statements to his sister to attack the credibility of his examination under oath. It is not necessary that Browning have been provided an opportunity to deny or explain the inconsistency. *See id.*

The defendants argue that the Supreme Court's decision in *Lilly* should preclude not only admission of Browning's statements to his sister as substantive evidence, but admission for impeachment purposes as well. Although this court recognizes that methods of impeachment may implicate the Confrontation Clause, *see, e.g., United States v. Hall,* 989 F.2d 711, 716 n. 10 (4th Cir.1993); *Joyner v. United States,* 547 F.2d 1199, 1201 (4th Cir.1977), this court does not read *Lilly* as preventing the United States from introducing certain of Browning's statements to his sister to impeach the statements he made under oath. Throughout its Confrontation Clause analysis, the Court in *Lilly* was concerned with hearsay "evidence offered by the prosecution to establish the guilt of an alleged accomplice of the declarant." *Lilly,* 527 U.S. 116, 119 S.Ct. at 1895, 144 L.Ed.2d 117; *see id.* at 1897–1901. That is, *Lilly* addresses hearsay statements offered by the prosecution for the purpose of establishing the guilt of the defendant, not for the purpose of impeaching hearsay testimony introduced by the defendant.

■ Using Browning's statements to his sister to impeach his sworn testimony will have the additional impact of implicating Mr. Gibson in the cause of the fire. Rule 403 of the Federal Rules of Evidence permits this court to exclude the statements

"if [their] probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Fed.R.Evid.* 403. Significant probative value exists in permitting the United States to use Browning's statements to impeach his testimony under oath. Browning's prior testimony supports Mr. Gibson's fishing trip alibi and constitutes strong evidence against the United States. Browning's statements to his sister directly contradict this prior testimony and are directly probative of Browning's credibility.

Although Browning's statements to his sister inculpate Mr. Gibson, their probative impeachment value is not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Id.; see United States v. Sisto,* 534 F.2d 616, 622 (5th Cir.1976) (stating that prior inconsistent statements are admissible for impeachment and that it makes no difference that the statements "tend directly to inculpate the defendant"). This is not a case in which the United States is seeking to impeach its own witness as a subterfuge to place before the jury evidence that is otherwise inadmissible. *See, e.g., United States v. Morlang,* 531 F.2d 183, 190 (4th Cir.1975). The United States would only introduce Browning's statements to his sister in an attempt to question Browning's credibility and to raise doubts about the reliability of his examination under oath. Any resulting prejudice to the defendants would not be unfair or substantially outweigh the statements' probative impeachment value.

Further, the court would provide a cautionary instruction to the jury concerning the difference between substantive and impeachment evidence. This instruction would reduce the danger of unfair prejudice, confusion of the issues, or misleading of the jury that might otherwise occur. *See Sisto,* 534 F.2d at 624 (allowing impeachment testimony that provides devastating evidence with respect to the one contested element of the crime, as long as the court provides a cautionary instruction).

Having conducted the Rule 403 balancing test, the court finds that the danger of unfair prejudice, confusion of the issues, or misleading the jury does not substantially outweigh the significant probative impeachment value of Browning's statements to his sister. The court **GRANTS** the request of the United States to introduce Browning's statements to his sister for impeachment purposes.

### IV.

For the foregoing reasons, the court **DENIES** the motion in limine filed by the United States to exclude Browning's statements made during his examination under oath, **DENIES** the request of the United States to introduce Browning's statements to his sister as substantive evidence, and **GRANTS** the request of the United States to introduce Browning's statements to his sister for impeachment purposes.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.